**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD**

**KENNETH ALLEN STOUT,**

     **Plaintiff,**

**v.**                                                            **CIVIL ACTION NO. 1:25-00095**

**MCDOWELL COUNTY CIRCUIT
COURT, et al.,**

     **Defendants.**

<u>**MEMORANDUM OPINION AND ORDER**</u>

<u>I.  Introduction</u>

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings and recommendation ("PF&R").  Magistrate Judge Aboulhosn submitted his proposed findings and recommendation on March 27, 2025.  In that Proposed Findings and Recommendation, the magistrate judge recommended that this court deny plaintiff's application to proceed without prepayment of fees and costs, dismiss plaintiff's complaint, and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a

de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985).  Moreover, this court need not conduct a de novo review when a petitioner "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  Plaintiff filed objections, see ECF No. 11, as well as various other documents in support of his claims.  See ECF Nos. 12, 13, and 16.  Because Stout filed his objections timely, this court has conducted a de novo review of the record as to those objections.  See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").

## II.  Background

On February 14, 2025, plaintiff filed the instant complaint, pursuant to 42 U.S.C. § 1983, against the McDowell County Circuit Court; Judge Rudolph Murensky, II, McDowell County Circuit Court; Brittany Puckett, McDowell County Prosecutor; and Officer R.V. Johnson, McDowell County Sheriff's Office.  Plaintiff has been indicted for first degree murder in McDowell County Circuit Court.  His complaint sets forth a litany of grievances against

2

defendants, all related to his criminal case.  See PF&R at 2-3 (ECF No. 10).

Magistrate Judge Aboulhosn recommended dismissal of plaintiff's complaint for several reasons.  First, he recommended dismissal of the McDowell County Circuit Court because it is not a "person" subject to liability under § 1983.  Second, the PF&R recommended dismissal of Judge Murensky because the claims against him are barred by the doctrine of judicial immunity.  As to Stout's claim of malicious prosecution, the PF&R found that it was subject to dismissal for failure to state a plausible claim.  Finally, as to plaintiff's challenges to his ongoing state criminal proceeding, Magistrate Judge Aboulhosn recommended that the court abstain from hearing these claims pursuant to the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971).

### III.  Discussion

Stout's objections and his other filings, which may generally be described as incomprehensible, do not address the grounds on which the magistrate judge recommended dismissal.  To the extent they are comprehensible, they do not address the obstacles to suit identified in the PF&R but, rather, are directed to the merits of his case.  His objections are

3

therefore irrelevant and unresponsive to the reasoning contained in the PF&R, and must be overruled on that ground, as they do not "direct the court to a specific error in the magistrate's proposed findings and recommendations."  Orpiano, 687 F.2d at 47.

In any event, the analysis in the PF&R is correct. Plaintiff cannot state a claim under § 1983 against defendant McDowell County Circuit Court as it is not a "person" for purposes of § 1983 and, therefore, cannot be a proper defendant under § 1983.  See Mazur v. Woodson, No. 4:01CV3, 2001 WL 34801550, at *2 (E.D. Va. July 30, 2001), aff'd 21 F. App'x 233 (4th Cir. Nov. 15, 2001) ("The Circuit Court of Virginia is not a 'person' for purposes of § 1983, and, therefore, it is not a proper defendant under § 1983."); see also Oliva v. Boyer, 163 F.3d 599, *1 (4th Cir. 1999) (per curiam) ("[T]he defendant court system is not a person as defined by 42 U.S.C.A. § 1983."); Bradley v. Virgina, Civil Action No. 7:19CV00253, at *2 (W.D. Va. Apr. 2, 2019) ("It is well settled that a state court is not a 'person' subject to suit under § 1983.").[1]

---

[1]    "Moreover, suit against a state court is barred by the Eleventh Amendment, as that amendment prohibits suit against an arm of the state as well as against the state itself." Mazur, 2001 WL 34801550, at *2.

Similarly, Judge Murensky is immune from suit, as all of Stout's allegations against him relate to actions taken in his judicial capacity.  "The Supreme Court has held that judges are absolutely immune from damages liability for judicial acts that are not performed in 'clear absence of all jurisdiction.'"). Mazur, 2001 WL 34801550, at *2 (quoting Stump v. Sparkman, 435 U.S. 349, 357 (1978)).  "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction[.]"  Pierson v. Ray, 386 U.S. 547, 553-54 (1967). Judicial immunity applies even where a "judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judge's should be at liberty to exercise their functions with independence and without fear of consequences."  Id. at 554 (citation and quotation marks omitted).  Only when a judge has acted in "clear absence of all jurisdiction" does judicial immunity not attach to a judge's actions.  Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (citation and quotation marks omitted).

Plaintiff's allegations make clear that all of the actions taken by Judge Murensky in the state proceedings were taken in the course of his official capacity as a judge of the McDowell County Circuit Court.  None of the allegations in plaintiff's complaint can be construed as alleging action taken outside of his official capacity nor is there any indication that Judge Murensky lacked jurisdiction over Stout's criminal case.

The PF&R also correctly found that Stout had failed to allege a plausible malicious prosecution claim under 42 U.S.C. § 1983.  Technically, "there is no such thing as a '§ 1983 malicious prosecution' claim."  Lambert v. Williams, 223 F.3d 257, 262 (4th Cir. 2000).  "What has been termed a 'malicious prosecution' claim in other cases 'is simply a claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution.'"  Butler v. Genda, No. 505CV00039, 2006 WL 314541, *3 (W.D. Va. Feb. 9, 2006) (quoting Lambert, 223 F.3d at 262).  The elements of the claim are well established:  "To state a constitutional claim for malicious prosecution, 'a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor.'"  Adams v. Cty. of

6

Lexington, No. 8:20-4296-MGL-PJG, 2022 WL 21747956, at *4 (D.S.C.

May 19, 2022) (quoting Evans v. Chalmers, 703 F.3d 636, 647 (4th

Cir. 2012)).  The criminal case against Stout is ongoing.

Therefore, it has not terminated in his favor and he cannot state

a claim for malicious prosecution.  See Anderson v. Roop, Civil

Action No. 7:19cv00155, 2019 WL 5964569, at *1 (W.D. Va. Nov. 13,

2019) ("Inasmuch as Anderson's state criminal proceedings are

ongoing, his criminal proceedings have not terminated in his

favor.") (internal quotation marks omitted).

In any event, the court's review of the record confirms that

the abstention doctrine set forth in Younger v. Harris, 401 U.S.

37 (1971), counsels against hearing this case.

> Based upon principles of federalism, the Supreme
> Court in Younger articulated the policy of comity
> underlying the federal courts' obligation to refrain
> from adjudicating the merits of federal constitutional
> claims in an underlying state criminal action:
> adjudicating such claims needlessly injects federal
> courts into ongoing state criminal prosecutions,
> undermines the state's ability to enforce its laws, and
> does not show "a proper respect for state functions."
> Younger, 401 U.S. at 44.  The Court also recognized
> that federal courts acting as courts of equity in this
> context "should not act to restrain a criminal
> prosecution, when the moving party has an adequate
> remedy at law and will not suffer irreparable injury if
> denied equitable relief."  Id. at 43-44.  Later, in
> Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n,
> 457 U.S. 423 (1982), the Court held that a federal
> court should abstain from interfering in a state
> proceeding, even though it has jurisdiction to reach
> the merits, if there is (1) an ongoing state judicial

> proceeding, instituted prior to any substantial
> progress in the federal proceeding; that (2) implicates
> important, substantial, or vital state interests; and
> (3) provides an adequate opportunity for the plaintiff
> to raise the federal constitutional claim advanced in
> the federal lawsuit.  Id. at 432

Nivens v. Gilchrist, 319 F.3d 151, 153 (4th Cir. 2003).  Each of the three factors identified above is present in this case.  First, Stout's criminal proceeding is ongoing and he filed this lawsuit to stop it.  Second, West Virginia has an important, substantial, and vital interest in prosecuting violations of its criminal laws.  Finally, Stout will have an opportunity to raise the claims in this lawsuit throughout the course of his state proceedings.  Furthermore, Stout has not offered any reasons to justify an exception to Younger abstention.[2]

For all the reasons laid out in the PF&R, the court agrees with Magistrate Judge Aboulhosn that this court should abstain from hearing this case pursuant to Younger.

### IV.  Conclusion

Based on the foregoing, the court hereby **OVERRULES** plaintiff's objections and **CONFIRMS** and **ACCEPTS** the factual and

---

[2] "[F]or a federal court to disregard the mandates of Younger, [a plaintiff] must show extraordinary circumstances demonstrating that they do not have an adequate remedy at law and the danger of irreparable injury if they are denied equitable relief is both great and immediate."  Nivens, 319 F.3d at 155.

8

legal analysis contained within the Proposed Findings and Recommendation.  Accordingly, the court **DENIES** plaintiff's application to proceed without prepayment of fees; **DISMISSES** plaintiff's complaint, and **DIRECTS** the Clerk to remove this matter from the court's docket.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to plaintiff pro se.

IT IS SO ORDERED this 31st day of March, 2026.

ENTER:

David  A.  Faber
Senior United States District Judge

9